IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 1:26-cv-05598

IMAGE PROFESSIONALS GMBH d/b/a STOCKFOOD,

Plaintiff,

v.

6517 FRESHPOND CORP d/b/a RUSTICO TAVERNA and SLICE SOLUTIONS, INC. d/b/a SLICE,

Defendants.

---

## COMPLAINT

Plaintiff Image Professionals GmbH d/b/a StockFood ("Plaintiff") sues defendants 6517 Freshpond Corp d/b/a Rustico Taverna ("Rustico Taverna") and Slice Solutions, Inc. d/b/a Slice ("Slice") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a "Gesellschaft mit beschränkter Haftung" (the functional equivalent of a limited liability company under US law) organized and existing under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

2. Rustico Taverna is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 65-17 Fresh Pond Road, Flushing, NY 11385. Rustico Taverna's agent for service of process is Sandro Giusiano, 2122 30th Drive, Astoria, NY 11102.

3. Slice is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 902 Broadway, New York, NY 10010. Slice's agent

for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

7. Originally started in 1979 as StockFood GmbH, Plaintiff's goal was to create the largest premium collection of food images on the international photography market. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers.

8. Such content is offered for license on Plaintiff's StockFood website (https://usa.stockfood.com/). In 2019, Plaintiff was renamed to Image Professionals GmbH to


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

account for its expansions into libraries beyond food photography and the provision of services to image professionals throughout the world.

9. Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America"). In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their corresponding registrations with the Register of Copyrights.

## II. The Work at Issue in this Lawsuit

10. One of Plaintiff's professional contributor photographers created a professional photograph of a plate of fried calamari with a lemon wedge (titled "11129170") (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

11. The Work was registered by StockFood America with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

12. For all times relevant to this action, Plaintiff and the subject contributor photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. Such written agreement(s) likewise authorize Plaintiff (or


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

its wholly-owned subsidiary, StockFood America) to register any of the contributor photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant) to the extent such contributor photographer(s) have not already done so. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## III. Defendants' Unlawful Activities

13. Rustico Taverna owns and operates an Italian restaurant.

14. Rustico Taverna advertises/markets its business through its website (https://www.rusticotaverna.com/), social media (e.g., https://www.facebook.com/rusticotaverna/ and https://www.instagram.com/rusticotaverna/), and other forms of advertising.

15. Slice provides technology solutions for independent pizza restaurants. Its platform/suite of services is designed to help pizzeria owners streamline online ordering, marketing, and delivery operations. Slice's suite of products includes online ordering, a website builder, marketing services, and other services for pizzeria owners.

16. Slice advertises/markets its business through its website (https://slicelife.com/), social media (e.g., https://www.facebook.com/SlicePlatform/, https://www.instagram.com/slice/, and https://x.com/slice), and other forms of advertising.

17. Rustico Taverna and Slice entered into a "Restaurant Service Agreement" whereby Slice agreed, among other services, to create a "Slice-powered custom website or Slice online ordering button (Direct)" for Rustico Taverna in exchange for certain fees charged by Slice.

18. As part of such agreement, Slice created a webpage (https://slicelife.com/restaurants/ny/flushing/11385/rustico-taverna/menu) on behalf of Rustico Taverna, with Slice maintaining full ownership and control of all content posted thereto, including but not limited to all photographic images posted thereon.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

19. The foregoing webpage prominently displayed Rustico Taverna's Flushing, NY address and included an interactive menu-ordering platform whereby consumers could click on images for menu items and place an order, through Slice's ordering platform, for local delivery/pickup.

20. On a date after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on their websites, webpages, social media, and/or printed media as a means of advertising, promoting, and/or marketing Rustico Taverna's business.

21. A true and correct copy of the screenshot of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

22. Upon information and belief, Slice's employees/agents caused the Work to be displayed on the foregoing website(s) for the benefit of Rustico Taverna and in furtherance of Slice's contractual obligations. Rustico Taverna reviewed/approved the foregoing website(s) and the content published/displayed thereon.

23. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

24. Defendants utilized the Work for commercial use.

25. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

26. Through its ongoing diligent efforts to identify unauthorized use of its photographs,


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Plaintiff discovered Defendants' unauthorized use/display of the Work in June 2024. Following Plaintiff's discovery, Plaintiff notified Rustico Taverna in writing of such unauthorized use.

27. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

29. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

30. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

31. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendants' website, webpage, social media, and/or printed media.

32. Defendants reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

33. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

34. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Defendants themselves utilizes a copyright disclaimer on their websites ("©2023 Created by:


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Spectro agency" and "© Copyright 2026 Slice Solutions, Inc."), indicating that Defendants understand the importance of copyright protection/intellectual property rights and are actually representing that they own each of the photographs published on their websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

35. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

36. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

37. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

38. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

39. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 10, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228

dan@copycatlegal.com

By: /s/ Daniel DeSouza__
Daniel DeSouza, Esq.